1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,                    No. 2:18-cr-00232-TLN

12                Plaintiff,

13          v.                                      **ORDER**

14    CHRISTIAN HENRY DORSCH, JR.,

15                Defendant.

16

17          This matter is before the Court on Defendant Christian Henry Dorsch Jr.'s ("Defendant")

18    Motion for Compassionate Release.  (ECF No. 31.)  The Government filed an opposition.  (ECF

19    No. 35.)  Defendant filed a reply.  (ECF No. 37.)  For the reasons set forth below, the Court

20    DENIES Defendant's motion.

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On January 10, 2019, Defendant entered a guilty plea to one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1).  (ECF Nos. 15, 16.) On July 18, 2019, the Court sentenced Defendant to an 84-month term of imprisonment to be followed by a 60-month term of supervised release.  (ECF No. 29.)  Defendant is currently serving his sentence at FCI Sheridan.  (ECF No. 31 at 3.)  He has served approximately 35 months of his 84-month sentence of imprisonment, and his projected release date with good conduct time is November 21, 2024.  (*See* ECF No. 35-1 at 4.)

On October 4, 2021, Defendant filed the instant motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  (ECF No. 31.)  Defendant requests the Court reduce his term of imprisonment to time served, or alternatively, home confinement, due to his chronic health conditions making him vulnerable to COVID-19.[1]  (*Id.* at 3–6.)

## II.     ANALYSIS

### A.     Exhaustion

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule. However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

In this case it is undisputed that Defendant has exhausted his administrative remedies under § 3582(c)(1)(A).  (ECF No. 31 at 9; *see also* ECF No. 35 at 4–5.)  Defendant made a request to the warden on August 23, 2021.  (ECF No. 31-2 at 1.)  Because more than 30 days

---

[1]     To the extent Defendant also challenges the conditions of his confinement, venue for an Eighth Amendment claim is improper in the Eastern District of California.  *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).  Because Defendant is confined in FCI Sheridan, his complaints about the conditions of his confinement must be brought in the District of Oregon.

1  have elapsed since Defendant's request, Defendant has met the exhaustion requirement.  *See* 18

2  U.S.C. § 3582(c)(1)(A).

3  B.  Extraordinary and Compelling Reasons

4  Despite having met the exhaustion requirement, Defendant is eligible for compassionate

5  release only if he can demonstrate there are "extraordinary and compelling reasons" for a

6  sentence reduction and such a reduction is "consistent with applicable policy statements issued by

7  the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The Ninth Circuit recently held that

8  "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C.

9  § 3582(c)(1)(A) motions filed by a defendant."  *United States v. Aruda*, 993 F.3d 797, 802 (9th

10 Cir. 2021).  The Ninth Circuit explained "[t]he Sentencing Commission's statements in U.S.S.G.

11 § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a

12 defendant, but they are not binding."  *Id.*  Accordingly, the Court relies on § 1B1.13 herein as

13 persuasive authority.

14 The Sentencing Commission's relevant policy statement on compassionate release

15 identifies medical conditions that satisfy the "extraordinary and compelling" requirement.

16 U.S.S.G. § 1B1.13, cmt. n. (1)(A).  More specifically, the "extraordinary and compelling"

17 requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering

18 from a serious physical or medical condition, serious functional or cognitive impairment, or

19 deteriorating physical or mental health because of the ageing process, "that substantially

20 diminishes the ability of the defendant to provide self-care within the environment of a

21 correctional facility and from which he or she is not expected to recover."  *Id.*

22 Defendant argues his multiple "serious and chronic medical conditions" increase his risk

23 of experiencing severe COVID-19 symptoms.  (ECF No. 31 at 1.)  Defendant's medical records

24 — filed under seal — indicate he suffers from essential (primary) hypertension and cholecystitis.

25 While Defendant also claims he has experienced complications from the removal of his left

26 kidney decades ago, Defendant does not cite a formal diagnosis indicating that he suffers from

27 chronic kidney disease.  (*Id.* at 6.)  Of these medical conditions, the Centers for Disease Control

28 and Prevention only indicates hypertension "possibly" makes an individual more likely to get

1   severely ill from COVID-19.  *See* CDC, Coronavirus Disease 2019 (COVID-19), *People with*

2   *Certain Medical Conditions*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-

3   precautions/people-with-medical-conditions.html (last visited November 10, 2021).  However,

4   Defendant's medical records indicate he is taking medication for his hypertension, he recently

5   refused surgery to treat his cholecystitis, and his right kidney is functioning normally.  Moreover,

6   Defendant is fully vaccinated against COVID-19, which greatly reduces his vulnerability to the

7   disease.[2]  (ECF No. 31 at 13.)  It also bears mentioning there is currently only one active inmate

8   case of COVID-19 at Defendant's facility.  Federal Bureau of Prisons, *COVID-19 Coronavirus*,

9   available at https://www.bop.gov/coronavirus/ (last visited November 10, 2021).  As such,

10  Defendant's arguments about COVID-19 do not persuade the Court that his circumstances are

11  "extraordinary and compelling."

12          Accordingly, the Court finds Defendant has not demonstrated "extraordinary and

13  compelling" reasons for his release.

14                      C.      18 U.S.C. § 3553(a) Factors

15          Even if the Court found "extraordinary and compelling" reasons for Defendant's release,

16  the Court would nonetheless deny Defendant's motion based on the 18 U.S.C. § 3553(a) ("§

17  3553(a)") factors.  *See* 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a)

18  factors before granting compassionate release).  In requesting a time served sentence, Defendant

19  is seeking a reduction from a well-supported, 84-month sentence to a considerably lower 35-

20  month sentence.  Based on the record before the Court, the § 3553(a) factors do not support such

21  a drastic reduction.  Although the § 3553(a) factors specifically include the need to provide

22  Defendant with medical care in the most effective manner, it appears the BOP has thus far been

23  capable of adequately addressing Defendant's medical needs.  Therefore, Defendant's medical

24  needs do not outweigh the other § 3553(a) factors that support an 84-month sentence.

---

25  [2]      Although some fully vaccinated people will have a breakthrough infection and experience
26  illness, "[t]he COVID-19 vaccines approved or authorized in the United States are highly
    effective at preventing severe disease and death, including against the Delta variant."  Centers for
27  Disease Control and Prevention, *Delta Variant: What We Know About the Science*,
    https://www.cdc.gov/coronavirus/2019-ncov/variants/delta-variant.html (last visited November 3,
28  2021).

4

1   **III.    CONCLUSION**

2       For the foregoing reasons, the Court hereby DENIES Defendant's Motion for

3   Compassionate Release.  (ECF No. 31.)

4       IT IS SO ORDERED.

5   **DATED:  November 12, 2021**

6                                                        Troy L. Nunley
7                                                        United States District Judge